**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.E.M. INTERNATIONAL, a California partnership, appearing through its managing partner, Peter V.G. Jefferson,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF STATE; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>        Defendants. | No. C 05-05081 WHA<br><br>**ORDER GRANTING MOTION TO DISMISS** |

**INTRODUCTION**

In this action under the Federal Tort Claims Act, defendants move to dismiss pursuant to Rule 12(b)(6). Defendants have shown that this action is barred by issue preclusion from another previously-filed action concerning the same facts. Moreover, leave to amend would be futile because plaintiff's proposed *Bivens* claim would necessarily implicate the same facts. Accordingly, defendants' motion to dismiss is **GRANTED**, and this action must be **DISMISSED**.

**STATEMENT**

Plaintiff R.E.M. International is a California partnership that conducts research regarding the development of thermal solar energy converters. R.E.M. filed a visa petition with the United States Citizenship and Immigration Services to classify a prospective employee, Antoniya G. Georgieva, as a non-immigrant worker in a specialty occupation under 8 U.S.C.

1101(a)(15)(H)(i)(b) on July 19, 2002 (Compl. ¶ 10).  On October 17, 2002, the California Service Center of CIS approved the petition (*ibid.*).  Georgieva appeared for an interview at the United States Embassy in Sofia, Bulgaria before John P. Cooney, Vice Consul Chief for the Non-Immigrant Visa Unit (*id.* at ¶ 11).  Cooney, allegedly acting beyond his authority, had someone from the embassy who was familiar with computers question Georgieva to assess her educational qualifications.  The petition was eventually returned to the California Service Center with a recommendation that it be revoked (*ibid.*).

Peter V.G. Jefferson, managing partner of R.E.M., asked Cooney several times to reconsider the recommendation (*id.* at ¶ 12–15).  On January 22, 2003, CIS issued a notice of intent to revoke the petition based on the Embassy's assertions that: (1) Georgieva did not have the work experience or education to perform services in a specialty occupation; (2) the petition had been submitted for the purpose of facilitating Georgieva's entry into the United States; and (3) it was suspected that the proffered job may not exist because the petition was filed by a company whose manager and partner had recently expressed an interest in obtaining a visa for a nanny (*id.* at ¶ 16).  R.E.M. alleges that the decision was made exclusively on uncorroborated assertions from a third party, Jefferson's wife (*id.* at ¶ 17).  R.E.M. filed a response on February 21, 2003, that indicated that Georgieva held the equivalent of a bachelor's degree or higher in computer science engineering and that she was fully qualified for the position (*id.* at ¶ 18).

On May 20, 2003, CIS issued a decision revoking the petition (*id.* at ¶ 19).  Plaintiff timely appealed on June 19, 2003, and the Administrative Appeals Office affirmed the revocation of the petition on February 3, 2004 (*id.* at ¶ 20).  In its revocation, the AAO stated "[t]he fact most important to the appeal is that, even if all the consular information in the notice [of intent to revoke the visa petition] were discounted, the evidence in the record is not sufficient to establish that the petition was properly approved" (Def.'s Exh. C at 5).  That is, the AAO stated that it did not rely on the information from a third party in affirming the denial of the petition.

R.E.M. filed an action in this Court under the Administrative Procedure Act on March 30, 2004, *R.E.M. International v. Neufeld*, C-04-1245 WHA.  In that action, R.E.M. challenged

2

the decision to revoke approval of the petition as arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. An order dated December 13, 2004, granted the government's motion for summary judgment. This Court held that CIS had considered the relevant factors under the regulation in determining that R.E.M.'s unsubstantiated assertions, specifically that the position required a college degree, were insufficient to meet the statutory criteria (Def.'s Exh. B). The order also noted that R.E.M.'s allegation that the administrative record had been "cleansed" of the first draft of the consular officer's memorandum to CIS and various letters from R.E.M.'s managing partner's wife was irrelevant because the AAO's decision expressly stated that it did not rely on any of those documents (*id.* at 11–12).

Plaintiff appealed the decision to the Court of Appeals for the Ninth Circuit. It affirmed the grant of summary judgment on December 11, 2006 (Def.'s Exh. A).

R.E.M. filed this action on December 8, 2005. The complaint alleged claims for (1) negligence; (2) denial of due process; (3) violation of equal protection; (4) and retaliation. The action was stayed on July 20, 2006, pending the outcome of the appeal to the Ninth Circuit. This motion was filed on August 8, 2007.

**ANALYSIS**

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ____, 127 S.Ct. 1955, 1964–65 (May 21, 2007). "All allegations of material fact are taken as true and construed in the light most favorable to plaintiff. However, conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

   **1.   PROPER DEFENDANT UNDER THE FTCA.**

Defendants first argue that the United States is the only proper defendant for claims brought under the FTCA. For torts committed by federal agencies and federal employees acting

3

within the scope of their duties, the exclusive remedy is a suit against the United States. 28 U.S.C. 2679(b)(1). Under the FTCA, the only proper defendant is the United States. *Lance v. United States*, 70 F.3d 1093, 1095 (9th Cir. 1995). Here, plaintiff brings this action under the FTCA, thus the United States Department of State, the United States Department of Homeland Security, and the United States Citizenship and Immigration Services are not proper defendants. All claims against them must be dismissed. Plaintiff asked permission to substitute the United States as the sole defendant in this action, however, as explained below, doing so would be futile.

### 2. ISSUE PRECLUSION.

Defendants argue that issue preclusion, or collateral estoppel, bars this action. To invoke issue preclusion, a party must show: "(1) the issue at stake is identical to an issue raised in the prior litigation; (2) the issue was actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Littlejohn v. U.S.*, 321 F.3d 915, 923 (9th Cir. 2003).

A key question is whether the party in the previous action had a full and fair opportunity to litigate the action. *Ibid*. Determining whether or not a party had a full and fair opportunity to litigate requires examining at least two factors. First, the Court must look at whether procedural opportunities unavailable in the first action could cause a different result in the second action. *Maciel v. Comm'r of Internal Revenue*, 489 F.3d 1018, 1023 (9th Cir. 2007). Second, the Court must look at the parties' incentives to litigate in the prior action. "If a party had good reason not to contest an issue vigorously during the first action and did not, in fact, vigorously contest the issue, that party generally should be entitled to relitigate the issue during the second action." *Ibid*.

Defendants argue that the Court already determined that the denial of Georgieva's petition was not arbitrary, capricious, or otherwise contrary to law, so plaintiff is precluded from relitigating the issue in this action. In *R.E.M. Int'l v. Neufeld*, C 04-1245 WHA, this Court granted summary judgment for defendant holding that CIS's revocation of Georgieva's visa application was appropriate under the law (Def.'s Exh. B). This Court also held that the

4

exclusion of third party statements and the first draft of Cooney's memorandum from the administrative record was proper because the AAO did not rely on those documents in making its decision. The decision was upheld by the Ninth Circuit (*id.* at Exh. A).

Here, both actions consider the issue of whether the denial of Georgieva's petition for a visa was proper — the prior action considered it under the Administrative Procedure Act, while this action considers it as a tort claim. The issue was actually litigated because it was reached in deciding the defendant's summary judgment motion in that action. Moreover, the determination of that issue was critical to the outcome of the action. Denial of Georgieva's petition was the central issue in that action as it is in this one.

Plaintiff contends that it did not have a full and fair opportunity to litigate the issue in the first action. There, as here, R.E.M. argued that the decision to deny Georgieva's petition was based on unsubstantiated information submitted to CIS. R.E.M. did not get access to certain letters sent by the managing partner's wife claiming that Georgieva's position with the company was a sham, and a first draft of a memorandum from John Cooney, chief of the Non-Immigrant Visa Unit at the embassy in Sofia, Bulgaria, which expressed similar concerns. Those documents ultimately were not included in the administrative record. Plaintiff now contends that it should get access to those documents through discovery in this action.

This issue was already addressed, however, in the prior action. When faced with the same argument, the order granting defendant's motion for summary judgment acknowledged that the AAO's decision expressly did not rely on the documents that plaintiff complains it did not receive. The decision stated that "it has accorded no weight to the consular officer's speculations about the petitioner's motivations and about whether the proffered position actually exists" and that "even if all the consular information in the notice were discounted, the evidence in the record is not sufficient to establish that the petition was properly approved" (Def.'s Exh. C at 5). The summary-judgment order acknowledged that, and held that the fact that plaintiff never received those documents was irrelevant to determining whether the decision to deny R.E.M's petition was arbitrary and capricious. The order stated (*id.* at Exh. B at 11–12):

5

> Plaintiff also alleges that the administrative record was "cleansed of" the first draft of Mr. Cooney's memorandum and various letters from Mrs. Jefferson (Jefferson Decl. ¶ 10). This is irrelevant, however, in light of the fact that the AAO's decision expressly disclaimed any reliance on Mr. Cooney's speculations or these "missing" documents (AR 67). Because these documents were not considered by AAO in its final agency decision, the fact that they do not appear in the administrative record is inconsequential.

Accordingly, it has already been determined that those documents are not relevant in determining whether defendants breached any duty by affirming the denial of Georgieva's petition. Plaintiff has already had a full and fair opportunity to litigate that issue.

Plaintiff maintains that because it did not have access to those documents, it was denied the opportunity to address the accusations leveled at Jefferson, R.E.M.'s managing partner, by his wife. It could not fully address the denial of the petition because they did not have all relevant documents. Plaintiff launches into wild speculation that there might be admissions by Neufeld and Cooney in those documents that would show that the decision was made on an improper basis. Plaintiff's argument completely ignores that the issue of whether it should have access to those documents was already determined. One of the purposes of issue preclusion is to preserve judicial resources by barring relitigation of issues. *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979). R.E.M. will not be allowed another shot at reopening an issue that has already been decided by this Court.

Plaintiff also seems to argue that it did not have a full and fair opportunity to litigate the action because it was dismissed for lack of subject-matter jurisdiction. This was simply not true — this Court's order, upheld by the Ninth Circuit on appeal, granted summary judgment to the defendants on the basis that the decision to deny the petition was not arbitrary, capricious, or otherwise contrary to law. The order was based on a review of the record on summary judgment, not on subject-matter jurisdiction. Accordingly, this action is barred by issue preclusion, and defendants' motion to dismiss must be **GRANTED**. Because of this, this order need not address defendants' alternative grounds for dismissing this motion including lack of redressable injury, interference with contract, foreign country exception, and others.

### 3. LEAVE TO AMEND.

In its opposition, plaintiff asked for leave to amend their complaint in the event this motion was granted. Plaintiff suggested that it could amend its complaint to allege a claim under *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). At the hearing on this motion, plaintiff stated that it wished to bring a *Bivens* claim against Donald W. Neufeld, Director of the California Service Center of CIS, based on his decision to first approve and then later revoke the petition. Such amendment would not correct the defects in this complaint because issue preclusion would still apply. The prior action already addressed the question of whether the decision to revoke her petition was arbitrary and capricious. Moreover, plaintiff would again argue that the decision to deny Georgieva's petition was made on an improper basis because of the documents allegedly withheld by the government. As stated above, review of Neufeld's decision did not take those documents into account, so bringing such a claim would be futile. Accordingly, plaintiff will not be granted leave to amend.

## CONCLUSION

For all of the above-stated reasons, defendants' motion to dismiss is **GRANTED**. Accordingly, this action is **DISMISSED**, and judgment will be entered in favor of defendants.

**IT IS SO ORDERED.**

Dated: September 13, 2007.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7